﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190521-5979
DATE: April 30, 2020

ORDER

Service connection for back condition as secondary to service-connected pes planus and service-connected bilateral knee chondromalacia patella is granted.

An effective date of August 24, 1992, for the initial grant of service connection for bilateral pes planus is granted.

An effective date of August 24, 1992, for the initial grant of service connection for left knee chondromalacia patella is granted.

An effective date of August 24, 1992, for the initial grant of service connection for right knee chondromalacia patella is granted.

An effective date of August 24, 1992, for the initial grant of service connection for bilateral hearing loss is granted.

FINDINGS OF FACT

1. The Veteran’s current back condition is proximately due to his service-connected pes planus and service-connected bilateral knee chondromalacia patella.

2. The Veteran has been diagnosed with a disability; the San Diego VA Healthcare System record dated January 9, 2003, notes complaints of back pain since a 1989 motor vehicle accident.

3. The National Guard service treatment records existed prior to the issuance of the August 1994 rating decision denying service connection for bilateral pes planus, left knee chondromalacia patella, right knee chondromalacia patella, and bilateral hearing loss, were relevant to the claims, and had not been associated with the claims file at the time of the prior decision in August 1994.

CONCLUSIONS OF LAW

1. The criteria for secondary service connection for back condition have been met. 38 U.S.C. §§ 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.310(a). 

2. The criteria for an effective date of August 24, 1992, for the award of service connection for bilateral pes planus, left knee chondromalacia patella, right knee chondromalacia patella, and bilateral hearing loss have been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.156(c), 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from October 1979 to October 1982. 

He received the Army Commendation Medal and the Army Achievement Medal. The Board of Veterans’ Appeals (Board) expresses its gratitude to the Veteran for his honorable service to the country. 

These matters come before the Board on appeal from a March (4th) 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran selected the Evidence Submission lane without a Board hearing by submitting a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)) of the Appeals Modernization Act (AMA) review system. Accordingly, the Board will consider the evidence of record at the time of the March 2019 rating decision, and evidence submitted within 90 days of the election of the Evidence Submission lane. 

Service Connection

Regulations provide that service connection is warranted for a disability which is aggravated by, proximately due to, or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Further, a disability which is aggravated by a service-connected disorder may be service connected to the degree that the aggravation is shown. Allen v. Brown, 7 Vet. App. 439, 449 (1995); 38 C.F.R. § 3.310(b). In order to establish entitlement to secondary service connection, there must be 

(1) evidence of a current disability; (2) evidence of a service-connected disability; (3) medical evidence establishing a nexus between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

The Veteran is competent to report symptoms and experiences observable by his senses. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a). VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed Cir. 2009).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 5758 (1990).

1. Service connection for back condition.

The Veteran contends that his back condition is proximately caused by his service-connected pes planus and service-connected bilateral knee chondromalacia patella.

The Veteran is currently service connected for pes planus and bilateral knee chondromalacia patella obstructive sleep apnea. 09/27/2018, Rating Decision.

In a January 2019 disabilities benefits questionnaire, completed by a VA clinician, the Veteran was noted to have been diagnosed with lumbar degenerative disc disease, and that the onset of the condition is unknown. The clinician opined that the Veteran’s back condition is less likely than not related to his active service. Additionally, the clinician indicated that an opinion could not be provided without resort to speculation as to whether the Veteran’s back condition is proximately due to or aggravated by his service-connected feet and knee disabilities. 01/28/2019, C&P Exam.

An August 2019 private medical opinion opined that the Veteran’s back condition is as least as likely caused by his service-connected pes planus and service-connected bilateral knee chondromalacia patella. Specifically, the private clinician noted that the medical literature shows several case studies and reviews that identify load transfer effects on the lumbar spine after lower extremity joint weakness or injury. The private clinician also referenced a July 2019 VA medical opinion regarding the Veteran’s hip conditions which explained that overuse and overcompensation in an injured joint frequently triggers problems in contralateral joints or joints above or below the injured joint. 08/18/2019, Medical Treatment Record – Non-Government Facility; see also 07/17/2019, C&P Exam (noting that “per common medical guidelines and peer-reviewed literature, this is a common problem and complication for individuals involving joints above, below, or opposite the affected injured joint”). 

The Board finds that the evidence is at least in equipoise regarding whether the current back condition is proximately related to his service-connected pes planus and service-connected bilateral knee chondromalacia patella. For example, the August 2019 private medical opinion considered several relevant case studies and reviews regarding load transfer effects on the lumbar spine. And, importantly, 

the record is devoid of countervailing medical opinions regarding secondary service connection. 

Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

As such, the Board finds that the Veteran’s current back condition is proximately due to his service-connected bilateral pes planus and knees. 38 C.F.R. §§ 3.102, 3.310(a).

Earlier Effective Date

Generally, the effective date of an award based on an original claim, or a claim reopened after final adjudication, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110(a). Except as otherwise provided, the effective date of an award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(a).

Except as otherwise provided, the effective date of a grant of service connection or of a specific disability rating is based on the date of claim. See generally 38 C.F.R. § 3.400. Where the claim of service connection is filed more than one year after the date of service separation, the earliest effective date which may be assigned by law is the date the claim was received by VA. 38 C.F.R. § 3.400(b)(2). Where the claim of service connection is a claim to reopen based on new and material evidence filed after an earlier denial, the effective date will be the date of claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(q)(2), (r).

A decision by VA with respect to entitlement to benefits is deemed final unless a notice of disagreement is filed within one year of receipt of the notification of the decision. 38 U.S.C. § 7105(b), (c). A notice of disagreement is a written communication from a claimant or his representative expressing dissatisfaction or disagreement with an adjudicative determination and a desire to contest the result. 38 U.S.C. § 7105(b); 38 C.F.R. § 20.201.

If, at any time after VA issues a decision on a claim, VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding the requirement that new and material evidence must first be received. 38 C.F.R. § 3.156(c). In particular, subsection (iii) of § 3.156(c) provides an example of declassified records that could not have been obtained because the records were classified when VA decided the claim.

A decision by the Court of Appeals for Veterans Claims (Court) specified the requirements for a service department record which would trigger application of 38 C.F.R. § 3.156(c). The new records should (1) be relevant to the claim; (2) have been in existence at the time of the prior decision; and (3) not have been associated with the claims file at the time of the prior decision. Emerson v. McDonald, 28 Vet. App. 200, 208 (2016.) The Court stated that when these requirements are met, the law required that VA then reconsider the claim. Id. at 210.

2. Entitlement to an earlier effective date for service connection for bilateral pes planus.

3. Entitlement to an earlier effective date for service connection for left knee chondromalacia patella.

4. Entitlement to an earlier effective date for service connection for right knee chondromalacia patella.

5. Entitlement to an earlier effective date for service connection for bilateral hearing loss.

The Veteran contends that he should be service-connected for his bilateral pes planus disability on a date prior to August 27, 2014, and that he should be service-connected for his left knee chondromalacia patella, right knee chondromalacia patella, and bilateral hearing loss disabilities on a date prior to March 31, 2015. 

The record confirms that the Veteran’s initial claims for the aforementioned disabilities were received on August 24, 1992. 08/24/1992, VA 21-526. Thereafter, August 1994 rating decision denied the claims, also noting that the U.S. Army and National Guard indicated that no service medical records were available. 08/24/1994, Rating Decision. 

National Guard service treatment records were received on September 24, 2014. 09/24/2014, STR – Medical. The Veteran filed to reopen the claim for bilateral pes planus on August 27, 2014. Subsequently, the Veteran filed to reopen the claims for left knee chondromalacia patella, right knee chondromalacia patella, and bilateral hearing loss on March 31, 2015. 08/27/2014, VA 21-4138; 03/31/2015, 

VA 21-526EZ. 

The aforementioned claims were granted in a September 2018 Board decision. 

The Board noted that the National Guard service treatment records were relevant in establishing that the Veteran had hearing loss and pes planus conditions within the presumptive period after separation from active service. Additionally, the service connection was granted for the bilateral knee conditions secondary to the pes planus condition. 09/11/2018, BVA Decision. The implementing rating decision in September 2018 assigned the effective date of August 27, 2014, for pes planus, and the effective date of March 31, 2015, for left knee chondromalacia patella, right knee chondromalacia patella, and bilateral hearing loss. 09/27/2018, Rating Decision.

In May 2019, the Veteran perfected his appeal for an earlier effective date for the grant of service connection for the claims on appeal. 05/21/2019, VA Form 10182. The Veteran cited 38 C.F.R. § 3.156(c), as the rationale for an effective date based on his original application filed on August 24, 1992. 08/18/2019, Third Party Correspondence. As noted above, section 3.156(c) discusses relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim service department records. In such cases, 

VA will reconsider the claim without regard to regulatory guidance regarding the submission of new and material evidence. Here, the probative records in question were not received until September 24, 2014. 

The Board notes that the service records received are relevant to the Veteran’s claim of service connection for bilateral hearing loss and pes planus, insofar as they show that the onset of the conditions occurred within the presumptive period after separation from active service. Accordingly, the service records are relevant to the claim of service connection for the bilateral knee conditions, insofar as the conditions are secondary to pes planus. The requirement under 38 C.F.R. § 3.156(c) is relevancy, and that has been met. Further, in accordance with Emerson, they were in existence at the time of the prior decision in 1994, but were not associated with the claims file at that time. As such, their submission warrants reconsideration of the claim.

The competent medical and lay evidence is clear that the Veteran’s bilateral hearing loss and pes planus symptoms manifested either in service or immediately after his discharge, and that the bilateral knee conditions are proximately due to his pes planus condition. Thus, National Guard service records could have facilitated a grant of service-connection in August 1994.

Accordingly, the Board finds that the preponderance of evidence is in favor of the claim for an effective date of August 24, 1992. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. The RO will assign an initial rating from August 24, 1992, based on its review of the evidence when implementing this Board decision.

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board David Han

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.